# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF | : | |
| FIRE FIGHTERS LOCAL 22 HEALTH & | : | |
| WELFARE FUND; AMERICAN | : | CIVIL ACTION NO. |
| FEDERATION OF STATE, COUNTY AND | : | |
| MUNICIPAL EMPLOYEES DISTRICT | : | |
| COUNCIL 47 HEALTH AND WELFARE | : | |
| FUND; and UNITED FOOD AND | : | |
| COMMERCIAL WORKERS UNION | : | |
| LOCAL 1776 AND PARTICIPATING | : | |
| EMPLOYERS HEALTH AND WELFARE FUND, | : | CLASS ACTION |
| on behalf of themselves and all others similarly | : | |
| situated, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| ASTRAZENECA PHARMACEUTICALS LP; | : | |
| ASTRAZENECA LP; ASTRAZENECA AB; and | : | |
| AKTIEBOLAGET HASSLE | : | |
| | : | |
| Defendants. | : | |

Plaintiffs, on behalf of themselves and all others similarly situated, file this Class Action

Complaint against Defendants. Plaintiffs, upon knowledge as to matters relating to themselves

and upon information and belief as to all other matters, allege as follows:

## NATURE OF THE ACTION

1.      This class action is brought on behalf of all end payors in the United

States who paid for Toprol-XL® ("Toprol-XL") during the period from May 5, 2005 to the

present (the "Class Period") to remedy unlawful anti-competitive conduct by Defendants in

violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and the antitrust and/or unfair business

competition statutes of twenty-two states and the District of Columbia. Defendants' unlawful

conduct prevented generic versions of Toprol-XL from coming to the United States market, thereby causing injury to Plaintiffs and other members of the class.

2.     Toprol-XL is a prescription drug used to treat hypertension, angina, and congestive heart failure.  In 2005 U.S. sales of Toprol-XL were approximately  $1.3 billion.  No generic version of Toprol-XL is currently marketed in the United States because Defendants, through improper manipulation of patent filings and the filing of baseless patent infringement lawsuits, have unlawfully monopolized and/or attempted to monopolize the domestic market for Toprol-XL and its generic bioequivalents.

3.     The United States District Court for the Eastern District of Missouri has recently found that two of Defendants' patents covering metoprolol succinate, the active ingredient in Toprol-XL, are invalid and unenforceable.  These are known as the '154 patent and the '161 patent.   Among other things, the Court found that Defendants' conduct before the U.S. Patent and Trade Office was inequitable, committed with the intent to deceive, and so culpable that it rendered those patents unenforceable.

4.     Manufacturers of generic drugs, including KV Pharmaceutical Co., Andrx Pharmaceuticals, LLC, Andrx Corp., and Eon Labs, Inc. (collectively "the generic manufacturers") have filed applications with the FDA requesting approval to market generic versions of Toprol-XL.  In their applications, the generic manufacturers assert that their products are bioequivalent to Toprol-XL and that Defendants' claimed patents are invalid.

5.     Defendants have engaged in anticompetitive conduct designed to prevent competition from manufacturers of generic bioequivalents to Toprol-XL.  Defendants' anticompetitive conduct includes wrongfully listing the '154 and '161 patents with the FDA, purportedly related to Toprol-XL, for the sole purpose of preventing generic competition.

Defendants have also filed baseless patent infringement actions, preventing generic versions of Toprol-XL from entering the U.S. market.

6.     Count I of this Complaint seeks injunctive and declaratory relief under Section 16 of the Clayton Act, 15 U.S.C. § 26 on behalf of a class of end payors who purchased or paid for Toprol-XL (the "Nationwide End-Payor Class").   Plaintiffs do not seek monetary damages under section 4 of the Clayton Act, 15 U.S.C. § 15.

7.     Count II of this Complaint alleges monopolization of the market for Toprol-XL in violation of the antitrust laws and/or deceptive trade practices laws of Arizona, California, District of Columbia, Florida, Iowa, Kansas, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin (collectively, the "Indirect Purchaser States"), and seeks damages on behalf of end payors who purchased or paid for Toprol-XL in the Indirect Purchaser States (the "Indirect Purchaser Class").

8.     Count III is brought by Plaintiffs on their own behalf and on behalf of the Nationwide End-Payor Class, seeking a constructive trust and disgorgement of the unjust enrichment of Defendants.

**JURISDICTION AND VENUE**

9.      This action is brought under Section 16 of the Clayton Act, 15 U.S.C. §

26, for injunctive relief, and the costs of suit, including reasonable attorneys' fees, for injuries to

Plaintiffs and members of the class resulting from, *inter alia*, Defendants' violations of the

federal antitrust laws.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1337, 15 U.S.C. § 26, and 28 U.S.C. § 1332(d)(2).  This Court has supplemental jurisdiction

over the state law claims pursuant to 28 U.S.C. § 1367(a).

10.      Venue is proper in this judicial district pursuant to 15 U.S.C. § 22, and 28

U.S.C. § 1391(b) because Defendants reside, transact business, are found, and/or have agents in

this district, and because a substantial portion of the affected trade and commerce described

below has been carried out in this district.

**INTERSTATE TRADE AND COMMERCE**

11.      During all or part of the relevant time period:

(i)      Defendants manufactured and sold substantial amounts of Toprol-

XL in a continuous and uninterrupted flow of commerce across

state and national lines and throughout the United States;

(ii)      Defendants transmitted funds as well as contracts, bills, and other

forms of business communications and transactions in a

continuous and uninterrupted flow of commerce across state and

national lines in connection with the sale of Toprol-XL; and

(iii)      Defendants employed, in furtherance of their monopolization and

attempt to monopolize, as alleged herein, the United States mails

4

and interstate and international telephone lines as well as means of interstate and international travel.

12.     The illegal monopolization and attempt to monopolize the market for Toprol-XL and its generic bioequivalents alleged herein have substantially affected interstate and foreign commerce.

## THE PARTIES

### Plaintiffs

13.     Plaintiff International Association of Fire Fighters Local 22 Health and Welfare Fund is a health and benefit fund for the benefit of present and retired workers of the union and their families.  The Fund was established pursuant to a duly executed Trust Agreement for the purpose of providing health benefits, including prescription benefits, to its defined beneficiaries.  The Fund maintains its principal place of business in Philadelphia, Pennsylvania..  At various times during the Class Period, the Fund has paid for the purchase of Toprol-XL.

14.     Plaintiff American Federation of State, County, and Municipal Employees District Council 47 Health and Welfare Fund is a health and benefit fund operated for the benefit of present and retired workers of the union and their families.  The Fund was established pursuant to a duly executed Trust Agreement for the purpose of providing health benefits, including prescription benefits, to its defined beneficiaries.  The Fund maintains its principal place of business in Philadelphia, Pennsylvania.  At various times during the Class Period, the Fund has paid for the purchase of Toprol-XL.

15.     Plaintiff United Food and Commercial Workers Union Local 1776 and Participating Employers Health and Welfare Fund is a health and benefit fund operated for the

benefit of present and retired workers of the union and their families.  The Fund was established

pursuant to a duly executed Trust Agreement for the purpose of providing health benefits,

including prescription benefits, to its defined beneficiaries.  The Fund maintains its principal

place of business in Plymouth Meeting, Pennsylvania.  At various times during the Class Period,

the Fund has paid for the purchase of Toprol-XL.

### Defendants

16.     Defendant AstraZeneca Pharmaceuticals LP is a company organized and

existing under the laws of Delaware, which distributes, markets, and sells throughout the United

States pharmaceutical products including Toprol-XL.  Its U.S. headquarters is located in

Wilmington, Delaware.   AstraZeneca Pharmaceuticals LP is a U.S. Subsidiary of AstraZeneca

PLC, and was created as a result of a 1999 merger between Zeneca Pharmaceuticals and Astra

Pharmaceuticals.

17.     Defendant AstraZeneca LP is a company organized and existing under the

laws of Delaware with its principal place of business in Wilmington, Delaware.  AstraZeneca LP

holds an approved New Drug Application from the United States Food and Drug Administration

("FDA") for metoprolol succinate preparations with extended release, which it sells under the

brand name Toprol-XL.  AstraZeneca LP is a U.S. subsidiary of AstraZeneca PLC.

18.     Defendant AstraZeneca AB is a company organized and existing under the

laws of Sweden, having its principal place of business at Sodertalje, Sweden.

19.     Defendant Aktiebolaget Hassle is a company organized and existing under

the laws of Sweden, having its principal place of business at Molndal, Sweden.  Aktiebolaget

Hassle is a wholly-owned subsidiary of AstraZeneca AB.

6

## RELEVANT MARKET

20.    To the extent applicable to the claims alleged herein, the relevant product market is the market for the manufacture and sale of metoprolol succinate, including Toprol-XL, and its generic bioequivalents rated "AB" by the FDA.  The relevant geographic market is the United States as a whole (for Counts I, II and III) and the relevant geographic sub-market is the Indirect Purchaser States (for Count II).  The relevant product market and relevant geographic market (and sub-market) for Toprol-XL are collectively described herein as the market for Toprol-XL.  At all relevant times, including the present, Defendants' market share of the market for Toprol-XL was and is 100%.

## DEFENDANTS' VIOLATIONS OF THE LAW

21.    Defendants have successfully forestalled generic competition to Toprol-XL from entering the market by fraudulently obtaining patents from the Unites States Patent & Trademark Office ("PTO"), wrongfully listing those patents in the FDA Orange Book, and bringing and maintaining sham patent infringement suits against potential generic competitors based on those patents.

22.    In particular, defendants have falsely asserted that two patents covering Toprol-XL foreclose generic competition, viz. U.S. Patent No. 5,001,161 ("the '161 patent") and U.S. Patent No. 5,081,154 ("the '154 patent").

23.    In fact, as the United States District Court for the Eastern District of Missouri has recently held, defendants procured the '161 patent and the '154 patent through fraudulent means, and the patents are invalid.

7

24.    Despite their knowledge that the 161 patent and the 154 patent had been obtained through fraudulent means and were invalid, defendants listed those patents in the FDA Orange Book and brought patent infringement suits against a number of potential generic competitors, both for the purpose of blocking generic competition to Toprol-XL.

25.    Defendants' unlawful conduct has succeeded in blocking generic competition to Toprol-XL for a significant period of time.  Absent defendants' unlawful conduct, generic competition would have arisen sooner.

26.    Defendants' wrongful listing of the '161 and '154 patents in the Orange Book has delayed and prevented the entry of generic formulations of Toprol-XL into the United States market.

27.    Defendants' baseless patent infringement lawsuits are delaying and preventing the entry of generic formulations of Toprol-XL into the United States market.

28.    Defendants' listing of the '161 and '154 patents and subsequent lawsuits had and have no legitimate or lawful purpose.  Rather, the wrongful listing and lawsuits have the intended effect of taking advantage of certain provisions of the Hatch-Waxman Act, 21 U.S.C. §355, 35 U.S.C. §271 to delay FDA approval of ANDAs for Toprol-XL, impermissibly extending Defendants' monopoly over the market for Toprol-XL and its generic equivalents.

29.    The purpose of Defendants' anticompetitive conduct is to obtain and maintain monopoly power in the market for Toprol-XL and its generic equivalents.

30.    Defendants have succeeded in obtaining unlawful market power.  With their monopoly power, Defendants have fixed prices for Toprol-XL at artificially high and supracompetitive levels.

8

31.     There are a number of generic manufacturers that both intended to enter the market with generic versions of Toprol-XL and were prepared to do so prior to the beginning of the Class period.  The entry of some or all of those manufacturers into the market was prevented by defendants' unlawful conduct as alleged herein.

32.     Due to Defendants' monopolization, manufacturers of generic bioequivalents of Toprol-XL are being restrained and denied the opportunity to market competing products, which would be marketed at substantially lower prices.

33.     Defendants have engaged in monopolistic practices concerning Toprol-XL to avoid a loss in market share and revenues that would inevitably result following the introduction to the market of a competing generic product.

34.     As a result of Defendants' anticompetitive conduct, plaintiffs and the Class have been forced to pay supracompetitive and artificially high prices for Toprol-XL.

## CLASS ACTION ALLEGATIONS

35.     Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, specifically Rules 23(b)(2) and 23(b)(3), on behalf of the following Class:

> All persons or entities in the United States and its territories who purchased, paid and/or reimbursed for Toprol-XL intended for use by themselves, their families, or their members, employees, or insureds during the period May 5, 2005 through the present.   Excluded from the class are all of the defendants, their respective subsidiaries and affiliates, all governmental entities, and all persons or entities that purchased Toprol-XL (i) for purposes of resale or (ii) directly from any of the defendants.

36.     Count II applies to purchases of Toprol-XL by members of the class in the Indirect Purchaser States during the Class Period (the "Indirect Purchaser State Claims").   The Indirect Purchaser States are:   Arizona, California, District of Columbia, Florida, Iowa, Kansas,

Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New

Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West

Virginia, and Wisconsin.

37.    Plaintiffs believe, and therefore aver, that there are thousands of members

in the above-described Class; their exact number and identities being currently unknown to

Plaintiffs, but known to Defendants and/or ascertainable from appropriate discovery.

38.    Among the questions of law and fact common to the Class are:

(i)    Whether Defendants have unlawfully monopolized or attempted to
monopolize the market for Toprol-XL and its generic equivalents;

(ii)    Whether Defendants possessed and/or unlawfully extended their
monopoly power over the market for Toprol-XL and its generic
equivalents;

(iii)    Whether Defendants, through their monopolization and/or
attempted monopolization, have caused the prices of Toprol-XL to
be maintained at supracompetitive levels;

(iv)    Whether Defendants wrongfully listed the '161 and '154 patents in
the Orange Book;

(v)    Whether Defendants' patent infringement lawsuits against
horizontal competitors and potential competitors that have filed
ANDAs for generic Toprol-XL constitute baseless litigation;

(vi)    Whether the Class suffered and continues to suffer antitrust injury;
and

10

(vii)    Whether Defendants were and continue to be unjustly enriched to

the detriment of the Class, entitling Plaintiffs and the Class to

disgorgement of all monies resulting therefrom.

39.    Plaintiffs' claims are typical of the Class because Plaintiffs and all

members of the Class were injured and continue to be injured in the same manner by Defendants'

unlawful, anticompetitive and inequitable methods, acts and practices, and wrongful conduct

complained of herein, *i.e.,* they have paid supracompetitive and artificially high prices for

Toprol-XL and will continue to be forced to do so until the markets for Toprol-XL and its

generic equivalents are competitive and prices reach competitive levels.

40.    Plaintiffs will fully and adequately protect the interests of all members of

the Class.  Plaintiffs have retained counsel who are experienced in antitrust class action

litigation.  Plaintiffs have no interests adverse to, or in conflict with, other members of the Class.

41.    The questions of law and fact common to the members of the Class

predominate over any questions which may affect only individual members.

42.    A class action is superior to other available methods for the fair and

efficient adjudication of this controversy.  The Class is readily definable and prosecution as a

class action will eliminate the possibility of duplicative litigation, while also providing redress

for claims which would otherwise be too small to support the expense of individual, complex

litigation.

43.    Defendants have acted or refused to act, as alleged herein, on grounds

generally applicable to the Class, thereby making appropriate final injunctive relief and/or

corresponding declaratory relief with respect to the Class as a whole.

<u>**COUNT I**</u>

**FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER SECTION 16 OF THE**
<u>**CLAYTON ACT FOR VIOLATIONS OF SECTION 2 OF THE SHERMAN ACT**</u>

44.     Plaintiffs repeat and reallege all preceding paragraphs of this Complaint as if fully set forth herein.

45.     Defendants' wrongful listing of the '161 and '154 patents in the Orange Book and commencement and/or maintenance of baseless patent infringement lawsuits against generic drug manufacturers that have filed ANDAs for approval to market a generic formulation of Toprol-XL violate § 2 of the Sherman Act.

46.     Defendants listed the '161 and '154 patents in the Orange Book in contravention of FDA regulations and with the intended effect of delaying the introduction of generic formulations of Toprol-XL into the market.

47.     Defendants commenced and are maintaining their patent infringement lawsuits with knowledge that the ANDAs filed by the generic manufacturers against which the lawsuits were filed do not infringe the '161 and '154 patents.

48.     Defendants commenced patent infringement lawsuits for the unlawful purpose of delaying the FDA's approval of an ANDA for a generic bioequivalent to Toprol-XL. The intended effect of these baseless patent infringement lawsuits was to delay the introduction of generic formulations of Toprol-XL into the market.

49.     Defendants' patent infringement lawsuits were and are objectively baseless and an attempt to interfere directly with the business relationships of Defendants' competitors.

50.     Defendants' repetitive patent infringement lawsuits were and are part of a policy to commence legal proceedings without regard to their merits and for the purpose of injuring competitors, customers, and end-payors.

51.     Defendants, through the conduct complained of herein, monopolized and attempted to monopolize the market for Toprol-XL.

52.     While obtaining and possessing its unlawful monopoly power over the market for Toprol-XL, Defendants fixed, maintained, and raised the price of Toprol-XL at artificially high and/or supracompetitive levels, thus injuring plaintiffs and the class in their business and property.

53.     Plaintiffs and the Class are entitled to a declaration that Defendants' monopolization and attempts to monopolize the market for Toprol-XL and its generic equivalents are in violation § 2 of the Sherman Act.

54.     Plaintiffs and the Class are entitled to an injunction pursuant to § 16 of the Clayton Act enjoining Defendants' continued monopolistic practices.

55.     Plaintiffs and the Class have no adequate remedy at law.

## COUNT II

### FOR DAMAGES UNDER THE ANTITRUST AND DECEPTIVE PRACTICE STATUTES OF THE INDIRECT PURCHASER STATES

56.     Plaintiffs repeat and reallege all preceding paragraphs of this Complaint as if fully set forth herein.

57.     This Count is brought by Plaintiffs on behalf of the Class to assert the Indirect Purchaser State Claims.

13

58.      The attempts to monopolize and monopolization of the relevant market

alleged herein violate the Indirect Purchaser States' antitrust and/or deceptive practice statutes as

follows:

(i)      The aforementioned practices by Defendants were and are in violation of
Arizona Revised Statutes § 44-1408B;

(ii)     The aforementioned practices by Defendants were and are in violation of
the Cartwright Act, California Business and Professions Code Sections
16700, *et. seq.* and/or the California Unfair Competition Act, California
Business and Professions Code Sections 17200, *et. seq.*;

(iii)    The aforementioned practices by Defendants were and are in violation of
the District of Columbia Code §28-4502, *et seq.* (1996 Rpl.);

(iv)     The aforementioned practices by Defendants were and are in violation of
Chapter 501, Part II, Florida Statutes (the Florida Deceptive and Unfair
Trade Practices Act);

(v)      The aforementioned practices by Defendants were and are in violation of
Iowa Code §§ 553.4, 553.5 (1997);

(vi)     The aforementioned practices by Defendants were and are in violation of
Kansas Statutes Annotated §§ 50-801(b) and 50-101, *et seq.*;

(vii)    The aforementioned practices by Defendants were and are in violation of
Louisiana Revised Statutes § 51:137,  *et. seq.*;

(viii)   The aforementioned practices by Defendants were and are in violation of
Maine Revised Statutes Annotated, 10 M.R.S.A. §1101, *et seq.*, and/or
Maine's Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

(ix)     The aforementioned practices by Defendants were and are in violation of
Massachusetts Ann. Laws, Ch. 93A, *et seq.*;

(X)      The aforementioned practices by Defendants were and are in violation of
the Michigan Antitrust Reform Act, MCL § 445.771, *et seq.* and/or the
Michigan Consumer Protection Act, MCL § 445.901, *et seq.*;

(xi)     The aforementioned practices by Defendants were and are in violation of
the Minnesota Antitrust Act of 1961, Minn. Stat. §§ 325D.49-325D.66
(1998);

(xii)   The aforementioned practices by Defendants were and are in violation of Mississippi Code Ann. §§ 75-21-1, et seq.;

(xiii)  The aforementioned practices by Defendants were and are in violation of Nebraska Rev. Stat. §§ 59-801 et seq.;

(xiv)   The aforementioned practices by Defendants were and are in violation of the New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-1 to § 57-1-5 (1998);

(xvi)   The aforementioned practices by Defendants violate the Donnelly Act, New York General Business Law § 340, *et seq.* and/or New York General Business Law § 349;

(xvii)  The aforementioned practices by Defendants were and are in violation of North Carolina Gen. Stat. §§ 75-1.1, *et. seq.*;

(xviii) The aforementioned practices by Defendants were and are in violation of North Dakota Cent. Code § 51-08.1-08;

(xix)   The aforementioned practices by Defendants were and are in violation of South Dakota antitrust law SDCL § 37-1, *et seq.*;

(xx)    The aforementioned practices by Defendants were and are in violation of Tenn. Code Ann. § 47-25-101, *et seq.* and/or in violation of Tenn. Code Ann. § 47-18-101, *et seq.*;

(xxi)   The aforementioned practices by Defendants were and are in violation of Vermont antitrust law, Vermont Stat. § 2453, *et seq.*;

(xxii)  The aforementioned practices by Defendants were and are in violation of West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101, *et seq.*; and

(xxiii) The aforementioned practices by Defendants were and are in violation of the Wisconsin Antitrust Act § 133.01, *et seq.*.

59.     Plaintiffs and the Class were injured in their business and property by,

inter alia, paying supracompetitive and artificially inflated prices caused by Defendants'

15

violations of the aforementioned statutes.  They seek damages and multiple damages as permitted by law for their injuries.

## COUNT III

### FOR RESTITUTION, DISGORGEMENT AND CONSTRUCTIVE TRUST FOR UNJUST ENRICHMENT BY DEFENDANTS

60.     Plaintiffs repeat and reallege all preceding paragraphs of this Complaint as if fully set forth herein.

61.     Defendants have benefited from the supracompetitive and artificially inflated prices and monopoly profits on their sale of Toprol-XL resulting from their unlawful and inequitable acts alleged in this Complaint.

62.     Defendants' financial benefits resulting from their unlawful and inequitable conduct are traceable to overpayments for Toprol-XL by plaintiff and members of the Class.

63.     Plaintiffs and the Class have conferred upon Defendants an economic benefit, in the nature of profits resulting from unlawful overcharges and monopoly profits, to the economic detriment of Plaintiffs and the Class.

64.     The economic benefit of overcharges and unlawful monopoly profits derived by Defendants through charging supracompetitive and artificially inflated prices for Toprol-XL is a direct and proximate result of Defendants' unlawful practices.

65.     The financial benefits derived by Defendants rightfully belong to Plaintiffs and the Class, as Plaintiffs and the Class paid anticompetitive and monopolistic prices during the Class Period, inuring to the benefit of Defendants.

16

66.     It would be inequitable and unjust for Defendants to be permitted to retain any of the unlawful proceeds resulting from the commencement or maintenance of baseless patent infringement lawsuits.

67.     It would be inequitable for the Defendants to be permitted to retain any of the overcharges for Toprol-XL derived from Defendants' unfair and unconscionable methods, acts and trade practices alleged in this Complaint.

68.     Defendants should be compelled to disgorge into a common fund for the benefit of Plaintiffs and the Class all unlawful or inequitable proceeds received by them.

69.     A constructive trust should be imposed upon all unlawful or inequitable sums received by Defendants traceable to plaintiffs and the Class.

70.     Plaintiffs and the Class and have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order:

A.     certifying the Class pursuant to the Federal Rules of Civil Procedure, certifying Plaintiffs as the representatives of the Class, and designating their counsel as counsel for the Class;

B.     declaring that Defendants' commencement and/or maintenance of patent infringement lawsuits against filers of ANDAs for Toprol-XL were baseless and a violation of § 2 of the Sherman Act;

C.     declaring the Defendants' commencement and/or maintenance of patent infringement lawsuits against filers of ANDAs for Toprol-XL were baseless and a violation of the antitrust and/or deceptive practice statutes in the Indirect Purchaser States;

D.     enjoining and restraining Defendants' continuing violations of § 2 of the Sherman Act, pursuant to § 16 of the Clayton Act;

E.    granting Plaintiffs and the Class equitable relief in the nature of disgorgement, restitution, and the creation of a constructive trust to remedy Defendants' unjust enrichment;

F.    granting Plaintiffs and the Class damages or multiple damages as permitted by law;

G.    granting Plaintiffs and the Class their costs of prosecuting this action, together with interest and reasonable attorneys' fees, experts' fees and costs; and

H.    granting such other relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of all issues so triable in this cause.

Dated: February 6, 2006

                                              /s/
                                              KAREN L. MORRIS
                                              PATRICK F. MORRIS
                                              **MORRIS AND MORRIS LLC**
                                                 COUNSELORS AT LAW
                                              4001 KENNETT PIKE, SUITE 300
                                              WILMINGTON, DE  19807
                                              (302) 426-0400
                                              (302) 426-0406

                                              Allen D. Black
                                              Jeffrey S. Istvan
                                              **FINE, KAPLAN AND BLACK**, **R.P.C.**
                                              1835 Market Street, Suite 2800
                                              Philadelphia, PA 19103
                                              Tel:  (215) 567-6565
                                              Fax: (215) 568-5872

                                              Stewart L. Cohen
                                              William D. Marvin
                                              **COHEN PLACITELLA & ROTH, P.C.**
                                              1705 Two Penn Center
                                              Philadelphia, Pa. 19102
                                              Tel:  (215) 567-3500
                                              Fax:  (215) 567-6019

18

Deborah R. Willig
**WILLIG WILLIAMS & DAVIDSON**
1845 Walnut Street, Suite 2400
Philadelphia, PA. 19103
Tel: (215) 656-3666
Fax: (215) 561-5135

Jayne Goldstein
**MAGER & GOLDSTEIN, LLP**
One Liberty Place, 21st Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 640-3200
Fax: (215) 640-3281

Joseph Goldberg
**FREEDMAN BOYD DANIELS
HOLLANDER & GOLDBERG, P.A.**
20 First Plaza, Suite 700
Albuquerque, NM 87102-3354
Tel: (505) 842-9960
Fax: (505) 842-0761

**Counsel for Plaintiffs**

19

%∘JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

SEE ATTACHED

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Karen Morris
Morris and Morris LLC Counselors at Law
4001 Kennett Pike, Ste 300, Wilmington DE 19807

## DEFENDANTS Astrazeneca Pharmaceuticals LP, Astrazeneca LP, Astrazeneca AB, and Aktiebolaget Hassle

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
         LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sec. 2 and Sec. 26

Brief description of cause:
Anti-competitive action to foreclose generic drug competition

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):
JUDGE _____

06-cv-00052
DOCKET NUMBER 06-cv-00063

DATE
2/6/06

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PLAINTIFFS:


International Association of Fire Fighters, Local 22 Health & Welfare Fund:
American Federation of State, County and Municipal Employees, District Council 47 Health and
Welfare Fund; and United Food and Commercial Workers Union Local 1776 and Participating
Employers Health and Welfare Fund, on behalf of themselves and all others similarly situated.

PLAINTIFFS:


International Association of Fire Fighters, Local 22 Health & Welfare Fund:
American Federation of State, County and Municipal Employees, District Council 47 Health and
Welfare Fund; and United Food and Commercial Workers Union Local 1776 and Participating
Employers Health and Welfare Fund, on behalf of themselves and all others similarly situated.